**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

VANESSA ADEGBITE and MONA
BARKER

      Plaintiffs,

v.

RUPERT MURDOCH, et al.,

      Defendants.

Civ. No. 12-520 (ES)

**O P I N I O N**

*Appearances by:*

Gerald Gordon, Esq.
107 Fontaine Court
Monroe Township, New Jersey 08831

  *Attorneys for Plaintiffs,*

NORRIS, McGLAUGHLIN & MARCUS, PA
By: Edward G. Sponzilli, Esq.
721 Route 202-206
Suite 200
Bridgewater, New Jersey 08870

  *Attorneys for Defendants*

**DEBEVOISE, Senior District Judge**

This matter arises out of accusations that Plaintiff Vanessa Adegbite committed acts of hazing against individuals that were pledging her sorority.  On January 27, 2012, Ms. Adegbite[1] filed a Complaint against Defendants Rupert Murdoch; New York Post; News Corporation; N.Y.P. Holding, Inc.; Paul V. Carlucci; Cathy Burke; The Star Ledger; Richard Vezza; Kevin Witmer; Daily News; Kevin R. Convey; William Hutchinson; Kirsten Danis; Rutgers, The State University of New Jersey ("Rutgers"); Richard L. McCormick; Joann Arnholt; Amy Votja; Michael Stillwagon; Gregory Bleeming; Mark Shuster; Richard Dinans; Timothy Wilmot; Claude White; Susan Epstein; Thomas Hayden; Mark Mueller; Karen Keller; James Quealy; Edward Sponzilli; Nicholas F. Pellita; Norris McLaughlin & Marcus, P.A. ("NMM"); Gerri Barker; Mona Barker; "John" Barker (First Name John is Fictitious); and Kahlih Anthony, setting forth counts of gender discrimination; illegal conduct under color of law; discrimination as to ethnicity, race, color, creed, and national origin; discrimination as to race; discrimination as to color; discrimination as to creed; discrimination as to national origin; equal protection violations under the Ninth and Fourteenth Amendments of the United States Constitution; wanton and reckless disregard of Plaintiff's rights; libel; slander; false light; invasion of privacy; outrage; intentional infliction of emotional distress; malicious prosecution; false arrest; false imprisonment; gross negligence; negligent infliction of emotional distress; negligence; and illegal conspiracy.  The Complaint seeks compensatory, punitive, liquidates, treble, and exemplary damages; attorney's fees, a contingency fee multiplier, interest, and costs.

NMM, Mr. Sponzilli, and Mr. Pellita now move to dismiss the Complaint.  For the reasons set forth below, their motion is GRANTED.

---

[1] The Complaint also names Mona Barker as a Plaintiff in this matter.  However, Defendants point out, and the record makes clear, that Ms. Barker is, in fact, the mother of the individual that accused Ms. Adegbite of hazing.  Furthermore, Ms. Adegbite's counsel simultaneously names Mona Barker as a Defendant in the Complaint.  Thus, the Court will not consider Mona Barker as a Plaintiff in this case.

## I. BACKGROUND

Vanessa Adegbite is a former undergraduate student at Rutgers, where she was a member of the Sigma Gamma Rho sorority.  In January 2010, a female undergraduate student who was pledging the sorority reported to the Rutgers University Police Department ("RUPD") that Ms. Adegbite had hazed her and other pledges, using methods such as paddling their buttocks, enforcing a strict diet, and making them perform exercises.  RUPD arrested and detained Ms. Adegbite, at which point she retained counsel.

Ms. Adegbite was charged with aggravated hazing, in violation of N.J.S.A. 2C:40-3b. She was prosecuted in New Jersey Municipal Court by Robert Adochio of the New Jersey Municipal Court Prosecutor's Office.  During the course of the prosecution, Mr. Adochio asked Rutgers to help his office prepare an opposition brief to a Motion to Dismiss filed by Ms. Adegbite's counsel.  Rutgers retained NMM to do so.[2]  The opposition brief was signed by Mr. Adochio and did not contain any indication that NMM had prepared it.

Rutgers also initiated disciplinary proceedings against Ms. Adegbite and other members of the Sigma Gamma Rho sorority that were accused of engaging in hazing activities.  Ms. Adegbite and her sorority sisters filed an application in New Jersey Superior Court for an order enjoining these disciplinary proceedings, which was denied.  Rutgers retained NMM and Mr. Sponzilli to oppose the application.

## II.  DISCUSSION

---

[2] Mr. Pellita at NMM prepared the opposition brief.  NMM also appeared on behalf of Rutgers in that matter to quash a subpoena issued by Ms. Adegbite's counsel.

NMM, Mr. Pellita, and Mr. Sponzilli now move to dismiss Ms. Adegbite's Complaint, pursuant to Federal Rule of Civil Procedure 8(a) and 12(b)(6).[3]  In doing so, they argue that the Complaint (1) contains bald legal conclusions without any factual support; and (2) fails to state a claim on all counts.  Ms. Adegbite opposes the motion, arguing that Mr. Sponzilli, Mr. Pellita, and NMM were inappropriately involved in her prosecution, in violation of New Jersey State law.

## A.    Standard of Review

In assessing Defendants' arguments, the Court must apply the standard of review applicable to requests for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  That Rule permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court's inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims."  In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court recently clarified the Rule 12(b)(6) standard in two cases:  Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  The decisions in those cases abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief."  In contrast, Bell Atlantic, 550 U.S. at 545, held that "[f]actual allegations

---

[3] In the alternative, they move for summary judgment in their favor on all of Ms. Adegbite's claims, pursuant to Federal Rule of Civil Procedure 56(a).  However, there has been no formal discovery in this case.  Thus, the Court will only consider the Motion to Dismiss.

must be enough to raise a right to relief above the speculative level." Thus, the assertions in the complaint must be enough to "state a claim to relief that is plausible on its face," id. at 570, meaning that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129 S. Ct. at 1949; see also, Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) (In order to survive a motion to dismiss, the factual allegations in a complaint must "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation.").

When assessing the sufficiency of a complaint, the Court must distinguish factual contentions – which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted – from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. Although for the purposes of a motion to dismiss the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

When a claim is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), leave to amend and reassert that claim is ordinarily granted. In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). A claim may be dismissed with prejudice, however, if amending the complaint would be futile. Id. "Futile," as used in this context, means that the complaint could not be amended to state a legally-cognizable claim. Id. (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)).

**B.**     **NMM's and Mr. Sponzilli's Motion**

Federal Rule of Civil Procedure 8(a) requires that a Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Ms. Adegbite's Complaint is a hopeless string of legal conclusions that utterly fails to show that she is entitled to relief, or even a single plausible basis for her twenty-five claims.

The Complaint alleges that that Ms. Adegbite was "arrested, interrogated and incarcerated by the Rutgers University Police who obtained an arrest warrant under false pretenses, false swearing and perjury[,] all of which resulted in the false imprisonment of, false prosecution of, and other was [sic] illegal treatment of the Plaintiff." (Compl. ¶ 44.)  It fails to set forth why Ms. Adegbite was even arrested in the first place, much less the basis for stating that her arrest warrant was obtained under false pretenses and perjury.

The Complaint further alleges that a number of named defendants "provided false and or inflammatory information . . . to the press . . . [that was] intended to injure and harm the Plaintiff . . . ." (Id. ¶ 45), and that this information resulted in published articles in the Star Ledger, New York Post, and Daily News containing "false & malicious, statements [sic] . . . relating to or concerning the Plaintiff."  (Id. ¶ 46.)  It does not specify (1) the nature of the information that was provided to the press or published; or (2) why that information was false or inflammatory.

Finally, the Complaint alleges that a number of Defendants, including NMM, Mr. Sponzilli, and Mr. Pellita "unlawfully interfered with and prejudiced the rights and protections of the Plaintiff" during her Municipal Court prosecution for hazing, (id. ¶ 47, 48), but fails to set forth how they interfered with or prejudiced her rights.[4]  Consequently, Ms. Adegbite's

---

[4] In her motion papers, Ms. Adegbite contends that NMM's drafting of Mr. Adochio's brief in opposition to her motion to dismiss in the New Jersey Municipal Court case was in violation of New Jersey Municipal Court Rule 7:7-8(b).  That rule requires private prosecutors appearing on behalf of the state to first seek permission from the Municipal Court via motion.

Complaint is dismissed with prejudice, as the Court sees no manner in which she could amend her complaint to state a legally cognizable claim.

### III.  CONCLUSION

For the foregoing reasons, NMM's and Mr. Sponzilli's Motion to Dismiss is GRANTED. The Complaint is dismissed with prejudice.

The Court will enter an order implementing this opinion.


 **/s/ Dickinson R. Debevoise**
DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated: April 4, 2013

---

See N.J. R. Mun. Ct. 7:7-8(b).  However, that rule is inapplicable here because neither NMM, Mr. Sponzilli, or Mr. Pellita, appeared as a private prosecutor on behalf of the state in during the Municipal Court proceedings against Ms. Adegbite.